IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR NEGRETE,

    Plaintiff,                       1: 08 CV 1284 WMW PC

    vs.                               ORDER DISMISSING ACTION

DERRAL ADAMS, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to proceed before a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        This action proceed on the February 13, 2009, first amended complaint filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

        As noted in the order dismissing the complaint, the sole claim in this complaint is that prison officials prohibit inmates from receiving publications that are, in the opinion of prison officials, sexually explicit. Plaintiff's argument is that the publications at issue have been deemed non sexually explicit by the U.S. Military and are therefore permissible for California prison inmates. Plaintiff was advised that prison policies prohibiting the possession by inmates of sexually explicit material are constitutionally permissible, and do not violate the First

Amendment. Mauro v. Arpaio, 188 F.3d 1054 (9th Cir. 1999). Plaintiff was also advised that content regulation is permissible in the prison context. McCabe v. Arave, 827 F.2d 634, 638 (9th Cir. 1987). Plaintiff was informed of the deficiencies in his complaint, and granted leave to file an amended complaint.

In the first amended complaint, Plaintiff restates the allegations of the original complaint. Plaintiff reasserts the arguments made in the original complaint, but does not allege any facts that state a claim for which relief could be granted. The court therefore dismisses the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   May 21, 2009**          /s/  William M. Wunderlich
                                   UNITED STATES MAGISTRATE JUDGE